UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EDGAR GALEANO GALO, A201-588-390,

        Petitioner,

v.                                                                                     ACTION NO. 2:20cv534

JEFFREY CRAWFORD,
Superintendent of ICA-Farmville, et al.,

        Respondents.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was brought by petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition as moot—converted into a motion for summary judgment[1]—(ECF No. 13) be **GRANTED**, the respondent's motion to dismiss the petition, or in the alternative, motion for summary judgment on the merits (ECF No. 9) be **DENIED AS MOOT**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

                **I.**        **STATEMENT OF THE CASE**

Petitioner, Edgar Tomas Galeano Galo, a native and citizen of Honduras, entered the United States without inspection, admission, or parole on May 1, 2018. ECF No. 1, at 6; ECF No.

---

[1] On April 20, 2021, the Court converted the motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). ECF No. 16.

10-1, at 2. On January 1, 2020, removal proceedings were instituted against petitioner pursuant to INA § 212(a)(6)(A)(i) following his arrest related to an incident with his girlfriend in Salem, Virginia. ECF No. 1, at 6–7; ECF No. 1-1, at 2–3 (notice to appear); ECF No. 10-2 (Salem Police Department records).

United States Immigration and Customs Enforcement ("ICE") detained petitioner pending the outcome of his removal proceedings, and, on March 4, 2020, the immigration judge denied his motion to reconsider the custody determination. ECF No. 1, at 5, 7; ECF No. 1-1, at 5–6, 11–13. The Board of Immigration Appeals dismissed his timely appeal of the custody determination on November 13, 2020. *See* ECF No. 1, at 7; ECF No. 10-1, at 3–4.

In June 2020, petitioner filed an application for asylum and withholding of removal (Form I-589) with the Arlington Immigration Court. ECF No. 1, at 6; ECF No. 1-2, at 2–60. Following a merits hearing on July 6, 2020, the immigration judge denied the application and ordered the petitioner removed to Honduras. ECF No. 1-1, at 15; ECF No. 10-1, at 3. The Board of Immigration Appeals received a timely appeal from the petitioner on August 4, 2020, and the appeal remains pending. ECF No. 1-1, at 15–18; ECF No. 10-1, at 3–4; ECF No. 14-2, at 1.

On October 29, 2020, petitioner filed this *pro se* petition pursuant to 28 U.S.C. § 2241, seeking release from his continued ICE detention "with appropriate conditions of supervision," or in the alternative, a new hearing to reconsider his custody determination. ECF No. 1, at 3. At the time of his filing, petitioner remained in the custody of ICE at the Farmville Detention Center in Farmville, Virginia. *Id.* at 1–2.

The United States filed two motions to dismiss the petition—one based on the merits on February 22, 2021, and one for mootness on March 26, 2021. ECF Nos. 9, 13. The second motion asserts that the petition is moot, because the petitioner is no longer in custody, having been released

2

on an order of supervision or own recognizance with GPS monitoring system on March 19, 2021. ECF No. 13, at 1; ECF No. 14, at 1–2; ECF No. 14-1; ECF No. 14-2, at 1.

In order to consider the documents attached to respondent's second motion to dismiss, the Court converted the motion to a motion for summary judgment on April 20, 2021, and gave the parties time to respond. ECF No. 16. Petitioner did not file a response to either motion to dismiss, and the time for filing has expired. The matter is now ripe for decision.

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court lacks jurisdiction over petitioner's § 2241 habeas petition because there is no longer a live case or controversy. *See* U.S. CONST. art. III, § 2. "Article III of the Constitution grants this Court authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.'" *Camreta v. Greene*, 563 U.S. 692, 701 (2011). For a case to be "fit for federal-court adjudication," the parties must demonstrate a "personal stake" in the proceedings by satisfying three conditions: "an injury in fact," "caused by the conduct complained of," and "that will be redressed by a favorable decision." *Id.* (internal quotations and citations omitted).

This live case, or redressable dispute, must persist throughout all stages of the litigation in order for a federal court to maintain jurisdiction. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))). If at any point a litigant fails to meet any of the three criteria for standing, then there is no case or controversy, and the issue becomes moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013).

The petition is moot. Petitioner challenges the legality of his detention pending removal, not the legality of his removal order. His only request for relief was that he be released "with appropriate conditions of supervision," or in the alternative, that the Court order a new custody

3

redetermination hearing before an immigration judge. ECF No. 1, at 3. Petitioner has been released from ICE custody. ECF No. 14, at 1; ECF No. 14-1; ECF No. 14-2, at 1. There is, therefore, no injury caused by respondent that can be redressed by this Court, and the Article III case-or-controversy requirement cannot be satisfied. *See Tiede v. Crawford*, No. 3:19cv589, 2021 WL 1196186, at *1 (E.D. Va. Mar. 29, 2021) (finding an alien detainee's habeas petition seeking release from ICE custody moot once he was released from ICE custody pursuant to an order of supervision); *Atem v. Ashcroft*, 312 F. Supp. 2d 792, 796 (E.D. Va. 2004) ("Atem's petition for a writ of habeas corpus seeking release from []ICE custody is moot owing to the fact that he is no longer in []ICE custody."). This Court lacks jurisdiction to address the merits of the petition, which raises an issue that is moot.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss the petition as moot, converted into a motion for summary judgment, (ECF No. 13) be **GRANTED**, the respondent's motion to dismiss the petition, or in the alternative, motion for summary judgment on the merits (ECF No. 9) be **DENIED AS MOOT**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C.

§ 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

    2.    A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 12, 2021